UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE MALLOY,<br><br>               Plaintiff,<br><br>    v.<br><br>MICHAEL R. POMPEO, Secretary of State, United States Department of State,<br><br>               Defendant. | STIPULATION AND ORDER OF <u>SETTLEMENT AND DISMISSAL</u><br><br>18 Civ. 4756 (PGG) |
| JANE MALLOY,<br><br>               Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF STATE, MICHAEL R. POMPEO, Secretary of State, United States Department of State,<br><br>               Defendants. | 19 Civ. 6533 (PGG) |

WHEREAS on May 30, 2018, *pro se* plaintiff Jane Malloy ("Plaintiff") filed a complaint against the U.S. Secretary of State (the "2018 Action") asserting claims of employment discrimination and retaliation on the basis of race, sex, age, and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA"), the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").  (No. 18 Civ. 4756, Cmplt. (Dkt. No. 1) at 3-4);

WHEREAS On November 28, 2018, defendant moved for partial dismissal of the

Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (No. 18 Civ. 4756, Def. Br. (Dkt. No 27));

WHEREAS On July 11, 2019, Plaintiff commenced another action (the "2019 Action") against the U.S. Secretary of State and the U.S. Department of State (collectively, the "Government") asserting additional claims of discrimination and retaliation on the basis of race and disability in violation of Title VII, the Rehabilitation Act, the ADA, and the FMLA.  (No. 19 Civ. 6533, Cmplt. (Dkt. No. 2) at 3-4);

WHEREAS on December 17, 2019, the Court consolidated the 2018 Action and the 2019 Action (the "Consolidated Action").  (No. 18 Civ. 4756, Order (Dkt. No. 47));

WHEREAS on January 10, 2020, the Government moved for partial dismissal of the Complaint in the 2019 Action under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (No. 19 Civ. 6533, Def. Br. (Dkt. No. 24));

WHEREAS on September 18, 2020, the Court issued an Order granting in part and denying in part the motions to dismiss the Complaints in the Consolidated Action.  (No. 19 Civ. 6533, Order (Dkt. No. 33)); and

WHEREAS Plaintiff and the Government (the "Parties") desire to resolve Plaintiff's claims in the Consolidated Action, and to obtain an order from this Court encompassing the terms of said settlement;

IT IS HEREBY STIPULATED AND AGREED by and between the Parties that the Consolidated Action shall be resolved as follows:

1.      The Consolidated Action is hereby dismissed with prejudice, and without costs, expenses, or attorney's fees to any party.

2.      This Stipulation and Order of Settlement and Dismissal (the "Stipulation") is a result of a compromise and shall not at any time, or for any purpose, be construed as an admission by the Government or any of its agents, officials, or employees of a violation of the rights or

2

interests of Plaintiff.  Nor shall the Stipulation and compliance with the Stipulation be construed as an admission by the Government of any allegation of fact or of any violation of or failure to comply with any law, ruling, statute, regulation, or contract, express or implied.  The Government disclaims and denies any such violation and/or noncompliance and disclaims and denies any and all liability which would be incurred as a result thereof.

3.      The Parties have cooperated in the drafting and preparation of this Stipulation.  The language of this Stipulation shall not be construed for or against any party by reason of authorship.

4.      As soon as practicable (and in no event longer than 180 days) after entry by the Court of this Stipulation and Order and the Department's receipt of a completed Automated Clearing House form SF-3881 for Plaintiff and her counsel, and in consideration of the promises made herein by Plaintiff, the Government shall pay Plaintiff the sum of nine hundred thousand dollars ($900,000.00) (the "Settlement Amount").  Settlement of this action is without costs or interest and is inclusive of any claim for attorney's fees, costs, or other litigation expenses. The payment of the Settlement Amount will be made via a single electronic deposit representing payment of eight hundred fifty thousand dollars ($850,000.00) in settlement of Plaintiff's claims and demands regarding matters that have arisen out of or in connection with her employment at and/or termination from the State Department; and payment of fifty thousand dollars ($50,000.00) in settlement of any claim for attorney's fees, costs, or other litigation expenses (including fees and expenses Plaintiff has incurred to James Carty, Esq., C. Andrea Davis, and Golkow Litigation Services in connection with the above-captioned actions).  Plaintiff's counsel will provide the Government with the necessary information to facilitate the electronic payment using the Automated Clearing House from SF-3881.  The Government makes no representation as to Plaintiff's tax liability as a result of the payment of the Settlement Amount.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████   █████████████████

███████████████████████████████████████████████████

██████████████████   ████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████

       7.       Plaintiff agrees to accept the benefits being provided to her under the Stipulation in full and complete settlement and satisfaction of any and all of her claims and demands, and hereby irrevocably and unconditionally releases and discharges the Government, any of its sub-agencies, departments, or components, and any of their current or former officers, employees, representatives, agents, attorneys, and persons acting by, through or under any of them, including but not limited to individual federal employees and former employees identified or named in the 2018 Action and/or the 2019 Action (collectively, the "Released Parties") from any and all charges, complaints, claims, actions, causes of action, liabilities, obligations, damages, losses, debts and expenses (including attorney's fees and costs incurred), of any nature whatsoever, known or unknown, that Plaintiff now has, owns, or holds, or claims to have, own, or hold, or at any time heretofore had, owned, or held, or claimed to have, own, or hold regarding matters that have arisen out of or in connection with her employment at and/or termination from the State Department or which occurred prior to the date on which the Court enters the Stipulation (the "Effective Date")

unless otherwise specified in this Stipulation.

8.      Plaintiff shall not pursue any complaint or claim currently pending or make any new complaint or claim with any agency of the federal government, including but not limited to any administrative board or commission or any tribunal at any time hereafter regarding matters relating to her employment at and/or termination from the State Department that have occurred prior to the Effective Date.

9.      By signing this Stipulation, Plaintiff understands and accepts that she is knowingly and voluntarily waiving any rights and claims that she may have under the Rehabilitation Act, the ADA, or any other statute, regulation or provision relating to her employment at and/or termination from the State Department, as of the Effective Date.

10.     Plaintiff acknowledges that she has waived her rights and claims under the Rehabilitation Act, the ADA, and any other applicable law, regulation, or rule in exchange for valuable consideration, as set forth above.

11.     Plaintiff represents and agrees that she has had the opportunity to thoroughly discuss all aspects of the Stipulation with her pro bono attorney, that she has carefully read and fully understands all the provisions of the Stipulation, and that she is freely and voluntarily entering into the Stipulation.

12.     Plaintiff represents that she has not assigned any claims, nor does any lien exist on the Settlement Amount.  However, if Plaintiff has assigned any claim or if any lien exists on the Settlement Amount, Plaintiff will indemnify and hold harmless the Released Parties from any and all claims, causes of actions, rights or subrogated interests arising from the assignment of claims and liens upon the Settlement Amount, including any claims, causes of action, rights or subrogated interests, and this Stipulation constitutes a written agreement to that effect.

13.     Plaintiff understands that taxes are not being withheld from the Settlement Amount.

6

Plaintiff represents and warrants that she shall assume all responsibility for any liability or claim of liability for any amounts assessed by or due to any federal, state, or local government or agency thereof, including, but not limited to, workers' compensation liens, medical liens, and federal, state, or local taxes owed in connection with her receipt of the Settlement Amount.

14.     The Parties understand and agree that this Stipulation and Order contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the Parties or their counsel that are not included herein shall be of any force or effect.

15.     The terms of this Stipulation shall not establish any precedent, nor will this Stipulation serve as a basis for Plaintiff, or any person or organization representing Plaintiff, to justify similar terms and/or conditions in any subsequent dispute, claim, demand, action, cause of action, complaint, or suit against the Department of State, whether formal or informal, administrative or judicial in nature.

16.     This Stipulation shall be binding upon the Plaintiff and upon her heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of the Released Parties and each of them, and to their heirs, administrators, representatives, executors, successors, and assigns.

17.     The Parties understand and agree that a facsimile or electronic copy of signatures may be presented to the Court with the same force and effect as original signatures.

18.     The Stipulation is conditioned and effective upon approval by the Court, and if not so approved, shall be null and void, with no force or effect.

19.     Following the Effective Date, the Stipulation may not be amended or canceled, nor may any of its provisions be waived except in a suitable writing signed by the Parties.

20.     The Stipulation and the releases contained herein shall be governed by, interpreted under, and construed in accordance with federal law in this jurisdiction.

SO STIPULATED AND AGREED TO BY:

Dated: New York, New York
      October 5, 2022

    SELENDY GAY ELSBERG PLLC

By: _____
    DAVID COON
    MICHAEL DUKE
    1290 Avenue of the Americas
    17th Floor
    New York, New York 10104
    Tel.: (212) 390-9000

    *Limited Pro Bono Counsel to Plaintiff*
    *Jane Malloy*

By: _____
    JANE MALLOY

    *Plaintiff*


Dated: New York, New York
      October 5, 2022

    DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York

By: _____
    ILAN STEIN
    JEFFREY OESTERICHER
    Assistant United States Attorneys
    86 Chambers Street, Third Floor
    New York, New York 10007
    Tel.: (212) 637-2525/2695

    *Attorney for Defendants*


SO ORDERED:

_____

THE HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
      October ___, 2022